UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Scott Bell, | |
|     Plaintiff, | **COMPLAINT** |
| vs. | |
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, | |
|     Defendants. | |

---

Plaintiff, Scott Bell, by and through his attorney of record, hereby asserting claims against the Defendants herein, states and alleges as follows:

## I.  PARTIES

1. On February 20, 2014, Plaintiff Scott Bell is an adult who resides in the State of Minnesota.

2. On February 20, 2014, Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (hereinafter "State Farm") are foreign corporations with principle offices located at One State Farm Plaza, City of Bloomington, State of Illinois, and at all material times, Defendant State Farm was

licensed to do business and doing business in, among other states, the State of Minnesota selling policies of automobile insurance to Minnesota residents.

## II.  VENUE AND JURISDICTION

3. Plaintiff Scott Bell was and is an adult citizen of the United States of America, and a resident of the State of Minnesota.

4. Defendants State Farm maintain its principal place of business in the State of Illinois and is thus a citizen of the State of Illinois for Diversity Jurisdiction purposes.

5. As a result of injuries sustained in a motor vehicle collision on February 20, 2014, in Munson Township, Minnesota, and which are the subject of the present lawsuit, Plaintiff Scott Bell claims damages against Defendants State Farm in an amount exceeding $75,000.00, not including interest and court costs.

6. This Court has jurisdiction pursuant to diversity jurisdiction provided by 28 U.S.C. §1332.

7. Venue of this action is proper in this District pursuant to 28 U.S.C. §1391, subd. (a)-(d).

### III.  FACTUAL BACKGROUND

8. On February 20, 2014, at the intersection of Highway 23 and County Road 71 in Munson Township, State of Minnesota, an underinsured driver, did so carelessly, unlawfully, wantonly, and negligently operate a vehicle by failing to stop and yield for traffic in front of her causing a forceful collision with the vehicle operated by Plaintiff Scott Bell.

9. The above-referenced incident on February 20, 2014, occurred as a direct and proximate result of the negligence and carelessness of the underinsured motorist.

10. Plaintiff Scott Bell had no fault in the February 20, 2014 collision.

11. As a direct result of the February 20, 2014, crash, Plaintiff Scott Bell sustained painful, permanent, and disfiguring injuries to his neck, back, connective tissues, spinal column, its supporting structures, including herniated spinal discs, in addition to a serious shoulder injury requiring surgical intervention.

12. The insurance carrier for the underinsured motorist tendered its coverage of $100,000 in recognition of Plaintiff's serious injuries. Defendants State Farm were notified of the settlement and elected not to substitute its payment to preserve any potential subrogation interest pursuant to *Schmidt v. Clothier.*

13. Defendants State Farm issued an automobile insurance policy that afforded Plaintiff underinsured motorist coverage in the amount of $250,000.00 per person and $500,000.00 per accident, in exchange for payment of a separately stated premium, that was in full force and effect February 20, 2014.

14. Defendants State Farm issued an automobile insurance umbrella policy that afforded Plaintiff underinsured motorist coverage in the amount of $1,000,000.00 per accident, in exchange for payment of a separately stated premium, that was in full force and effect February 20, 2014.

15. At all times material herein, the damages caused by the negligent underinsured driver entitles Plaintiff to recover underinsured motorist benefits from Defendants State Farm in an amount equal to the underinsured motorist limits.

16. Despite notification by Plaintiff in compliance with all policy conditions precedent, Defendants State Farm have refused to pay and denied benefits due and owing to Plaintiff for unsupported reasons in breach of its contract, express and implied contractual covenants, and Minnesota law.

17.     Defendants State Farm failed to fulfill other obligations owed to Plaintiff which are currently unknown but which will be uncovered during discovery.

18.     As a direct result of the unlawful, wanton, and careless negligence of the underinsured motorist, Plaintiff Scott Bell incurred and will continue to incur health care expenses for the care and treatment of his injuries, suffered and will continue to suffer loss of income and a permanent diminution of his earning capacity, suffered and will continue to suffer from pain, disability, disfigurement, embarrassment, and emotional distress, and has otherwise suffered and will continue to suffer general and special damages.

### III.  DEMAND FOR JURY TRIAL

Plaintiff Scott Bell demands a trial by jury as to each and every Count of the Plaintiff's Complaint herein against Defendants.

### IV.  DEMAND FOR JUDGMENT

**NOW THEREFORE**, Plaintiff Scott Bell demands judgment against Defendants herein for a reasonable sum in excess of the minimal jurisdiction limits of the Court in an amount to fully compensate his damages, together with interest, costs and disbursements as may be

allowed by law, and for such other relief at law and in equity to which Plaintiff may be justly entitled.

## V.  CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after opportunity for further investigation or discovery; and (4) the Complaint otherwise complied with the requirements of Rule 11.

Dated: February 13, 2020                    /s/ Matthew E. Steinbrink
                                            Matthew E. Steinbrink, #034851X
                                            Attorney for Plaintiff
                                            **SiebenCarey, P.A.**
                                            901 Marquette Avenue, Suite 500
                                            Minneapolis, MN 55402-3205
                                            612-333-4500
                                            matt.steinbrink@knowyourrights.com